■PeaesoN, C. J.
 

 The words, “her representatives,” in the deed executed by the defendant, Fairly, to Nancy McLaurin, the other defendant, (now his wife,) dated 12th of February, 1844, cannot be made to mean
 
 her
 
 children, and can have no other meaning than “ her executors or administrators.” It is true, by this construction, the words have no legal effect, and must be treated as surplusage. So, that the deed will operate-precisely as if these words had not been inserted, but the Court is bound by the words used in the instrument, and cannot substitute other words, although it may be highly probable that the latter would express the actual intention of the partie's; for the province of the Court is to construe the deed made by the parties, and not to make a deed for them. From the relation of Mrs. Fairly to the plaintiffs, and her duty to them, as distributees of the intestate, it is probable, nay, almost certain, tkat her intention would have been expressed by these words, “ Now, if the said Nancy McLaurin, or
 
 those she
 
 represents, shall pay two certain notes,” &c.'; but the words used are, “ her representatives,” and the former cannot be substituted in their stead. Where the words used are susceptible of two meanings, and from the relation of the parties — the object in view, and other matters, which the Court
 
 *378
 
 is at liberty to call to its aid in the construction of instruments, the sense in which the parties intended to use the words is shown, the Court will adopt the construction, which will give effect to the intention, although it may not be the most obvious one — or that which, apart from the intention, would have, naturally, suggested itself; indeed, so solicitous are the courts to carry out the intention,, whenever the words used will allow it, that in many instances, sentences will be transposed, rules of grammar violated, and the ordinary import of words departed from ; many illustrations will suggest themselves to every one familiar with “ the books.” This will occur to any one who has read Blackstone; A makes a feofment to B, for life. Who’s life? It may be for the life of A or B ; the ordinary construction is, that it is for the life of B, as it is most beneficial to him, and deeds are to be taken most strongly against the maker, but if it appear by the deed itself, or by the conveyance, under which he derives title, that A had only an estate for his own life, then B will take an estate for the life of A, for otherwise the conveyance would be wrongful, and the estate would be forfeited, if A should make a different estate from that which he holds, hence, there is a presumption that the intention was to make an' estate for the life of A, and the Court will adopt that construction. If the feofment had been to B for his
 
 own
 
 life, there would have been no room for construction ; on the same principle, in our case, there is no room for construction.
 

 There is, however, another view of the case made by the allegations of the bill, on which the plaintiffs are entitled to a decree : i. e., as administratrix, Mrs. McLaurin held the slaves in trust for herself and her children, the distributees of her intestate, subject to the payment of debts; by the arrangement which she made with the defendant, Fairly, for the purpose of indemnifying him, as security, on the two notes, and saving to her the right to redeem the slaves, which was carried into effect by offering them for sale, and Fairly bidding them off. and taking a bill of sale
 
 withoutpayinig any consul?
 
 «•ration, and executing the deed to Mrs. McLaurin, the legal
 
 *379
 
 title vested in Fairly, but he took subject to the same trusts that attached to the .property in the hands of Mrs. Mc-Laurin, of which he had full notice, as appears on the face of the deed; consequently, the
 
 cesi/ms qui -trust
 
 have a right to follow the fund in his hands, and convert him into a trustee, subject only to his right to be indemnified as the surety of their father, which they offer to do. The suggestion, that this arrangement was made between Fairly and Mrs. Mc-Laurin, with an intent to defraud the other creditors of her intestate, and, therefore, a court of equity ought not to carry it out, coinés with an ill grace from them, and is no bar to the equity of the plaintiffs, because there is no proof of any debt of the intestate remaining unsatisfied, and there is no ground on which the plaintiffs can lose their equitable interest, because of a supposed fraud on the part of their trustee, in which they did not participate.
 

 There is no bar by the statute of limitations or lapse of time: No time is fixed for the payment of the two notes; Fairly married the trustee, whose duty it was to act for, and take care of the interests of the plaintiffs before he paid the notes, to say nothing of the fact, that all of the infants were under the disability of infancy at the first of the transaction, and some of them remain so still.
 

 • The plaintiffs are entitled to partition, and for an account of the hires subject to the expenses and other proper allowances.
 

 PeR Cueiam. Decree accordingly.